UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE DELAGUA Y CULEBRO,<br><br>    Plaintiff,<br><br>    v.<br><br>H. LONGIA, M.D., et al.,<br><br>    Defendants. | 1:15-cv-00214-DAD-EPG-PC<br><br>ORDER FOR PLAINTIFF TO EITHER:<br><br>  (1)  FILE AN AMENDED COMPLAINT,<br><br>OR<br><br>  (2)  NOTIFY THE COURT THAT HE STANDS ON THE COMPLAINT AS FILED, SUBJECT TO RECOMMENDATION OF DISMISSAL<br><br>THIRTY DAY DEADLINE<br><br>(ECF No. 1.) |

Jorge Delagua Y Culebro ("Plaintiff"), a former state prisoner, is proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on February 9, 2015. (ECF No. 1.) In the Complaint, Plaintiff claims that various defendants denied him medical care in the form of a surgery due to degenerative condition of Plaintiff's vertebrae.

This Court has screened Plaintiff's Complaint and finds that he fails to state a claim as to any defendants. This order provides an explanation of the relevant law to inform the Plaintiff should he desire to file an amended complaint. Plaintiff may file an amended

complaint attempting to state a claim within thirty days. In the alternative, Plaintiff may stand on this Complaint and the Court will recommend dismissal to the District Judge.

## I.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, Courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678. The mere possibility of misconduct falls short of meeting this plausibility standard. Id. While factual allegations are accepted as true, legal conclusions are not. Id.

## II.   SUMMARY OF COMPLAINT

At the time of the events at issue, Plaintiff was incarcerated at Valley State Prison (VSP) in Chowchilla, California, in the custody of the California Department of Corrections and Rehabilitation. In his Complaint, Plaintiff alleges that a doctor, Dr. Jesse D. Babbitz of the U.C. Davis medical center, recommended vertebral disc fusion surgery due to the degenerated condition of Plaintiff's vertebrae in 2008. Another doctor, Dr. M. Rahimifar, M.D., of the

Bakersfield Nueroscience and Spine Institute, performed an alternate procedure in 2010. Plaintiff alleges that the alternate procedure failed to cure his pain and symptoms. Dr. Rahimifar continued to recommend non-surgical/conservative treatment. Plaintiff's primary care physician, Dr. Longia, "remained content to prescribe inadequate care." (ECF No. at 4 ¶6.) Plaintiff also failed to receive a prescribed lumbar corset. Subsequently, Plaintiff met with a Dr. M. Senegor, M.D. at the San Joaquin General Hospital. Dr. Senegor stated, "Patient is in need of the L4-S1 Disc Fusion that had been originally recommended in 2008." (Id. ¶10.)

Plaintiff names as defendants Dr. H. Longia, M.D., primary care physician at VSP; N. Malakla M.D., Supervisor, Chief Physician and Surgeon at VSP; P. Virk, M.D., M.B.A., CCHP, Chief Medical Executive; J. Lewis, Deputy Director Policy and Risk Management Services, CCHCS, CDCR; Dr. Rahmifar, Neurosurgeon, Bakersfield Medical Center; Jeffery Beard, Ph.D., Director CDCR; and Ron Davis, VSP Warden.

Plaintiff claims that Defendants are liable for inadequate or negligent medical care.

### III. ANALYSIS OF PLAINTIFF'S CLAIMS

#### A. Legal Standards

Section 1983 provides a cause of action against any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). "In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury. To meet this causation requirement, the plaintiff must establish both causation-in-fact and proximate causation." Harper v. City of L.A., 533 F.3d 1010, 1026 (9th Cir. 2008) (internal citations omitted). Proximate cause requires "'some direct relation between the injury asserted and the injurious conduct alleged.'" Hemi Group, LLC v. City of New York, 559 U.S. 1, 9 (2010) (quoting Holmes v. Secs. Investor Prot. Corp., 503 U.S. 258, 268 (1992)).

The Ninth Circuit has stated:

> [S]ection 1983 suits do not impose liability on supervising officers under a respondeat superior theory of liability. Instead, supervising officers can be held liable under section 1983 "only if they play an affirmative part in the alleged deprivation of constitutional rights." [citation omitted]. The supervising officer has to "set in motion a series of acts by others . . . which he knew or reasonably should have known, would cause others to inflict the constitutional injury." [citation omitted].

Graves v. City of Coeur D'Alene, 339 F.3d 828, 848 (9th Cir. 2003); abrogated on other grounds by Hiibel v. Sixth Judicial Dist. Court of Nevada, Humboldt County, 542 U.S. 177 (2004). Additionally, a supervisor may be liable under section 1983 if a plaintiff can show that "'in light of the duties assigned to specific officers or employees, the need for more or different training is obvious, and the inadequacy so likely to result in violations of constitutional rights, that the policy-makers . . . can reasonably be said to have been deliberately indifferent to the need.'" Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002); see also Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (*en banc*), abrogated on other grounds, Farmer v. Brennan, 511 U.S. 825 (1994) ("Supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation.").

The Eighth Amendment protects prisoners from inhumane conditions of confinement. Id. at 832. To prevail on an Eighth Amendment claim for deliberate indifference arising out of inadequate medical care, a plaintiff must show "deliberate indifference" to his "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). "This includes 'both an objective standard — that the deprivation was serious enough to constitute cruel and unusual punishment — and a subjective standard — deliberate indifference.'" Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation omitted).

To meet the objective element of the standard, a plaintiff must demonstrate the existence of a serious medical need. Estelle, 429 U.S. at 104. Such a need exists if failure to treat the injury or condition "could result in further significant injury" or cause "the unnecessary and wanton infliction of pain." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)

(quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled in part on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (*en banc*)) (internal quotation marks omitted).  A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain, including "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." McGuckin, 974 F.2d at 1059-60.

To satisfy the subjective element of deliberate indifference, the plaintiff must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.  A plaintiff must establish that the course of treatment the doctors chose was "medically unacceptable under the circumstances" and that they embarked on this course in "conscious disregard of an excessive risk to plaintiff's health." Toguchi v. Chung, 391 F.3d 1051, 1058-60 (9th Cir. 2004) (internal citations and quotations omitted). Indifference may appear "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Hutchinson v. United States, 838 F.2d 390, 392 (9th Cir. 1988) (citing Estelle, 429 U.S. at 106).

"[A] mere difference of medical opinion . . . [is] insufficient, as a matter of law, to establish deliberate indifference." Toguchi, 391 F.3d at 1058 (internal quotes and citation omitted); see also Brown v. Beard, 445 F. App'x. 453, 455 (3rd Cir. 2011) ("A professional disagreement between doctors as to the best course of treatment does not establish an Eighth Amendment violation."). "Simply showing that another doctor in similar circumstances might have ordered different treatment," however, "only raises questions about medical judgment and does not show that the physician acted with a culpable mind greater than negligence." Starbeck v. Linn County Jail, 871 F.Supp. 1129, 1144 (N.D. Iowa Dec. 12, 1994) (citing Noll v. Petrovsky, 828 F.2d 461, 462 (8th Cir. 1987)).  Instead, the plaintiff must not only show that a

physician's course of treatment "was medically unacceptable under the circumstances," but that the physician chose it "in conscious disregard of an excessive risk to [the] plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); see also Johnson v. Doughty, 433 F.3d 1001, 1013 (7th Cir. 2006) ("It is not enough to show, for instance, that a doctor should have known that surgery was necessary; rather, the doctor must know that surgery was necessary and then consciously disregard that need in order to be held deliberately indifferent.").

IV.   **ANALYSIS OF PLAINTIFF'S CLAIMS IN LIGHT OF LEGAL STANDARDS**

The Court finds that Plaintiff has failed to state a claim under these legal standards. Plaintiff's complaint merely alleges that one doctor recommended a certain surgery, another doctor agreed, and at least one other doctor disagreed. Taken alone, such facts merely establish that doctors have disagreed regarding the proper treatment for Plaintiff's condition. Plaintiff has failed to specify what each defendant did or failed to do. Plaintiff has failed to describe how failure to treat the injury or condition "could result in further significant injury" or cause "the unnecessary and wanton infliction of pain." He has also failed to allege facts showing that any defendant knew of and disregarded an excessive risk to Plaintiff's health and safety. Finally, defendant has asserted his claim against what appear to be supervisors without any direct involvement in Plaintiff's medical decisions.

V.   **CONCLUSION**

The Court finds that Plaintiff's Complaint fails to state any cognizable claim upon which relief may be granted under § 1983. The Court is prepared to recommend dismissal of Plaintiff's complaint in full to the district judge.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file an amended complaint within thirty days if he chooses to do so.

The amended complaint must allege constitutional violations under the law as discussed above. Specifically, Plaintiff must state what each named defendant did that led to the

deprivation of Plaintiff's constitutional or other federal rights.  Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct.  Iqbal, 556 U.S. at 676.  Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights by acting with deliberate indifference to Plaintiff's health or safety, which is sufficiently serious.  Jones, 297 F.3d at 934 (emphasis added).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff may file a First Amended Complaint curing the deficiencies identified by the Court in this order if he believes additional true factual allegations would state a claim, within **thirty (30) days** from the date of service of this order;
3. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:15-cv-00214-DAD-EPG-PC;
4. Plaintiff may also choose to file notice within thirty days that he intends to stand on the allegations in his initial Complaint, in which case the Court will recommend dismissal of all claims consistent with this order; and

///

5. If Plaintiff fails to file either an amended complaint within 30 days, or notice to stand on the allegations of this Complaint, the Court will recommend dismissal for failure to state a claim and failure to comply with a Court order.

IT IS SO ORDERED.

Dated: **March 29, 2016**          /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE